UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIBRE BY NEXUS, and
ANDRES BARRENO,

      Plaintiffs,

v.                                                  Case No. 8:18-cv-970-T-35SPF

SHERIFF GRADY JUDD, in his official
capacity as Sheriff of Polk County, Florida,
and in his individual capacity, and POLK
COUNTY SHERRIF'S OFFICE,

      Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff Andres Barreno's Motion to Compel. (Doc. 28). Defendant Sheriff Grady Judd filed a Response in Opposition.[1] (Doc. 29). This case is premised upon the alleged misuse of emergency shelters as unlawful pedestrian checkpoints to conduct suspicion-less warrant/criminal background checks. (Doc. 1 at 1).

Plaintiff seeks to compel the discovery requested in Requests Nos. 1 and 8 of his First Request for Production of Documents and asks for attorney's fees and costs associated with the filing of his motion. Defendant reiterates the objections asserted to the requests in his response.

Motions to compel discovery under Rule 37(a), Federal Rules Civil Procedure, are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*,

---

[1] Plaintiff Libre by Nexus's claims have been dismissed for lack of standing, the claims against Defendant Judd in his individual capacity have been dismissed based on qualified immunity, and Defendant Polk County Sheriff's Office has been dismissed as an improper and redundant party (Doc. 24 at 9-10). Plaintiff Barreno's remaining claims against Defendant Judd in his official capacity survived dismissal (Doc. 24 at 10).

730 F.2d 729, 731 (11th Cir. 1984).  Discovery under the Federal Rules is governed by the principle of proportionality.  Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.  *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013).

As to Request No. 1, Plaintiff seeks "all emails regarding the pedestrian checkpoints established at the entrances into emergency shelters in Polk County, Florida."  Although the request does not specify, Plaintiff seeks the emails in native format. (Doc. 31 at 2-3).  The request further proposes search terms for identifying the emails and states that Plaintiff's IT vendor "must be present when these searches occur." (Doc. 28 at 2).  Defendant objects that the request is overbroad in time and scope in that the request "does not limit the email request to pedestrian checkpoints established at emergency shelters in Polk County, Florida for the period of time in connection with Hurricane Irma, which is the event and time period or event alleged in the complaint."  Defendant further objects to the arbitrary requirement that Plaintiff's representative be present when the searches occur as Rule 34 does not impose such a requirement. (*Id.*).  Plaintiff offers in his motion to modify his temporal limitations to the last five years to address Defendant's overbroad in time objection, and Defendant counters that the request should be limited to the time period of one month before and one month after September 10, 2017 (the date Hurricane Irma struck Polk County, Florida). (Doc. 28 at 4;

2

Doc. 29 at 3, respectively). Finally, Defendant asserts that he will be producing the emails as hard copies.[2] (Doc. 29 at 3-4).

This Court agrees that Request No. 1 is overbroad in regard to the time period. Plaintiff's claims as alleged in his complaint are limited to a specific event beginning on or around September 7, 2017 (*see, e.g.,* Doc. 1 at ¶ 43 ("Defendant Polk County had a policy and practice of establishing pedestrian check points at all emergency shelters during the time period of September 7, 2017, through present, to subject persons to unlawful searches and seizures of persons entering said shelter, to include the Plaintiff, Mr. Barreno, and Mr. Barreno was, on September 9, 2017, subjected to such an unlawful seizure by the Defendants")). In other words, it appears that the complaint is predicated on a single incident attributable to an alleged municipal policymaker. As such, Plaintiff has failed to establish the relevance of emails 5 years prior to the alleged incident. The Court finds that such a time period is overbroad and not proportional to the needs of the case. Accordingly, the Court sustains Defendant's objection as to the period of time and limits the scope to one month prior and one month after alleged incident. *See Carter v. DeKalb County, Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013) ("discovery *follows* a well-pleaded complaint; not the other way around"); *see* also Middle District Discovery (2015) at § III.A.1 (providing that a request for documents should be "reasonably particularized"). On the other hand, Defendant does not object to nor mention the proposed search terms, and, as such, the Court deems Defendant agreeable to those proposed search terms. Next, the Court is unaware of authority supporting Plaintiff's requirement that his representative be present when the searches occur, and Plaintiff did not

---

[2] The Court notes that the parties indicated in their Case Management Report (Doc. 17) that the form or forms in which ESI should be produced was discussed, and the parties had no disagreements as to the issue at that time.

cite to any such authority. Accordingly, Defendant's objection as to this aspect of Request No. 1 is sustained. Finally, the parties are at odds as to the format required for production of the subject emails. While Plaintiff did not specify production in native format, Rule 34 provides that in the absence of such specification, the responding party must produce ESI either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable. Fed. R. Civ. P. 34(b)(2)(E)(ii). Moreover, the Advisory Committee note to the 2006 amendment is clear that production of ESI in a form that removes or significantly degrades the recipient's ability to search the information electronically generally does not fulfill the "reasonably usable" requirement. Production of the emails as hard copies would decidedly remove Plaintiff's ability to search the information electronically. Accordingly, Defendant shall provide the emails in their native format or in an electronic form that is searchable and otherwise reasonably useable.

In Request No. 8, Plaintiff requests a full and complete copy of the download data contained in each social media account maintained by Defendant and the name under which the account is or was registered, as well as the URL of that account. (Doc. 28 at 3). The Request continues "[t]his download should include all data, photographs, writings, things, and other information from the social media account dating from August 1, 2017 through December 1, 2017." (*Id.*). Defendant objects that the request is overbroad in time and scope in that it is not limited to content in social media accounts related to entrance into emergency shelters in connection with Hurricane Irma, which is the event and time period alleged in the complaint. (*Id.*). Defendant argues the ability to download information regarding Defendant's social media site is equally obtainable by Plaintiff as it is by Defendant as it simply requires going to the public social media site and printing out the content contained

therein. Indeed, Rule 26(b)(1) specifically delineates the parties' relative access to relevant information as a factor in the scope of discoverability. Upon consideration, Defendant's objection is sustained as to Request No. 8 as to overbreadth. Defendant's production shall be limited to content in social media accounts related to entrance into emergency shelters in connection with Hurricane Irma.

Plaintiff also requests attorney's fees and costs associated with bringing his motion. Rule 37(a)(5), Federal Rules Civil Procedure, provides the framework for consideration of Plaintiff's request and provides, in relevant part:

> If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising such conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A); *see also Devaney v. Cont'l Am. Ins. Co.,* 989 F.2d 1154, 1159 (11th Cir. 1993) (noting that "[t]he rule was toughened in 1970 to mandate that expenses be awarded unless the conduct of the losing party or person is found to have been substantially justified.").

"Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Hill v. Emory Univ.*, 346 F. App'x 390, 392 (11th Cir. 2009) (per curiam) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)) (internal quotation marks omitted). "The burden of establishing substantial justification is on the party being sanctioned." *Telluride Mgmt. Sols., Inc. v. Telluride Inv.*

*Grp.,* 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton Cty.,* 527 U.S. 198 (1999). For the reasons stated above, Defendant's objections were primarily sustained and otherwise substantially justified such that an award of expenses is not appropriate.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

2. Plaintiff's request for attorney's fees and costs incurred in filing his Motion to Compel is **DENIED**.

3. Plaintiff's Motion to Stay Pending Resolution of Motion to Compel (Doc. 31) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Tampa, Florida, May 2, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE